IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Jessica Reyes and Gissela Lopez, On Behalf of Themselves and Similarly Situated Employees | § § § § | CIVIL ACTION NO: _____ |
| Plaintiffs, | § § | |
| VS. | § § § | **JURY DEMANDED** |
| Bona 1372, Inc., Bona 1900, Inc., and Hnreck Nazarian a/k/a Nazarian Enterprises d/b/a IHOP ("International House of Pancakes") | § § § § § § | |
| Defendants. | § | JUDGE _____ |

## ORIGINAL COMPLAINT – COLLECTIVE ACTION

Plaintiffs Jessica Reyes and Gissela Lopez, on behalf of themselves and similarly situated employees, bring this collective action lawsuit against Defendants Bona 1372, Inc., Bona 1900, Inc. and Hnreck Nazarian a/k/a Nazarian Enterprises d/b/a IHOP ("International House of Pancakes") ("Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.* Plaintiffs assert their FLSA claims as a collective action under 29 U.S.C. § 216(b).

### JURISDICTION AND VENUE

1.  This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

1

## PARTIES

3. Plaintiffs Reyes and Lopez were at all relevant times individuals residing in Jefferson County, Texas.

4. Defendant Bona 1372, Inc. is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 3830 College Street, Beaumont, Texas 77701. Defendant Bona 1372, Inc. may be served with process by serving Hnreck Nazarian, its registered agent for service, at 10894 Shadow Wood Drive, Houston, Texas 77043-2864.

5. Defendant Bona 1900, Inc. is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 5875 Eastex Freeway, Beaumont, Texas 77706. Defendant Bona 1900, Inc. may be served with process by serving Hnreck Nazarian, its registered agent for service, at 10894 Shadow Wood Drive, Houston, Texas 77043-2864.

6. Defendant Hnreck Nazarian may be served with process at 10894 Shadow Wood Drive, Houston, Texas 77043-2864.

7. Defendant Hnreck Nazarian a/k/a Nazarian Enterprises owns or controls multiple IHOP (International House of Pancakes) Restaurants in the Houston and Beaumont, Texas, areas, including Bona 1372, Inc. and Bona 1900, Inc.

8. Through his website http://nazarianent.wix.com/nazarian-enterprises-2#! Defendant Hnreck Nazarian represents that he does business as Nazarian Enterprises, which Nazarian describes as a "leading franchisee in the IHOP community … [w]ith locations throughout the Houston and Beaumont areas … ". Hnreck Nazarian's above website represents to the public that Nazarian Enterprises operates at least seven (7) separate IHOP Restaurant locations, as follows: (1) 5875 Eastex Freeway, Beaumont, TX 77706; (2) 197 Greens Road, Houston, TX 77060; (3)

3830 College Street, Beaumont, TX 77701; (4) 23861 Church Street, Porter, TX 77365; (5) 202 E. State Highway 332, Lake Jackson, TX 77566; (6) 6759 S. Highway 6, Houston, TX 77083; and (7) 5001 Garth Road, Baytown, TX 77521.

9. On information and belief, and per the above representations made by Hnreck Nazarian, Plaintiffs would show that the entities through which the IHOP Restaurants described in the above paragraph are operated constitute the alter egos of Defendant Hnreck Nazarian and of each other.

10. Defendants employ or employed individuals, including Plaintiffs, who engage in interstate commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by a person.

11. Defendants are employers covered by the record-keeping, minimum wage, and overtime pay requirements of the FLSA.

## FACTS

12. At relevant times between 2005 and approximately December 19, 2015, Defendants employed Plaintiff Reyes. At relevant times from 2011 through late 2016, Defendants employed Plaintiff Lopez. Although Plaintiffs were at times labelled as "managers" by Defendants, Plaintiffs were in fact non-exempt employees under the Fair Labor Standards Act.

13. On numerous occasions during their respective periods of employment, Plaintiff Reyes and Plaintiff Lopez were required to work hours in excess of 40 hours per week, for which they were not paid lawful overtime wages. Although both plaintiffs were assigned titles and paid a fixed salary by Defendants in an effort to create the illusion of a managerial or executive exemption, neither plaintiff qualified for any exemption from FLSA overtime requirements.

14. To avoid the payment of overtime, Defendants paid Plaintiff Reyes for hours in excess of 40 hours per week by requiring her to work under another name when she worked over 40 hours

per week and by issuing her checks made payable under a pseudonym and under a social security number not issued to her. Such payments did not include wages at the overtime rate.

15. Plaintiff Lopez was classified by Defendants as a salaried employee; however, her work was not primarily of a nature sufficient to qualify her as an exempt employee under the FLSA. Plaintiff Lopez regularly worked in excess of 40 hours per week and was never paid overtime wages by Defendants.

16. Defendants' conduct in attempting to avoid the payment of overtime wages was conscious, willful, and intentional, and was not the result of mistake or of any reasonable interpretation of law.

17. Upon information and belief, Defendants used practices such as those described above and including: (1) the use of dual identities and social security numbers for a single employee and (2) misclassification of employees, to deny overtime wages to other employees.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiffs bring this action on behalf of all persons formerly or presently employed by Defendants who have been denied lawful overtime pay. The members of this putative class are referred to as "Collective Action Members".

19. Plaintiffs pursue their FLSA claims on behalf of any Collective Action Members who opt-in to this action pursuant to 29 U.S.C. § 216(b).

20. Plaintiffs and the Collective Action Members are "similarly situated," as that term is defined in 29 U.S.C. § 216(b), because, on information and belief, they have been subjected to Defendants' policies of avoiding the payment of overtime wages, as described above.

21. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Action Members. Accordingly, notice of this matter and of the opt-in procedures should

be sent through a Court Supervised Notice procedure to all persons presently or formerly employed in all of Defendants' various IHOP restaurant locations, including those operated under Bona 1900, Inc., Bona 1372, Inc., and all other corporate entities under which Hnreck Nazarian operates IHOP restaurants. Such persons to which notice of this matter should be provided are readily identifiable through the Defendants' records.

## COUNT I
**(Alleging Violations of the FLSA)**

22. All previous paragraphs are incorporated as though fully set forth herein.

23. Plaintiffs and the Collective Action Members are employees entitled to the FLSA's protections.

24. Defendants are employers covered by the FLSA.

25. The FLSA entitles employees to overtime compensation at the rate of 1.5 times their regular hourly rate of pay for all work in excess of 40 hours per week.

26. Through policies implemented by the Defendants, such as those policies described herein, Defendants have deprived Plaintiffs and other employees of their lawful overtime pay in violation of the FLSA.

27. Plaintiffs and Collective Action Members are entitled to the recovery of their unpaid overtime wages.

28. In violating the FLSA, Defendants acted intentionally and willfully and with reckless disregard of clearly applicable FLSA provisions, such that Plaintiffs and Collective Action Members are entitled to the recovery of statutory liquidated damages under the FLSA.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and other Collective Action Members, request that Court Supervised Notice of this lawsuit be ordered to apprise the putative Collective Action Members of this lawsuit and of the procedures to opt-in, and that Plaintiffs and the Collective Action Members be awarded the following relief:

A. All unpaid wages and overtime wages;

B. Prejudgment interest;

C. Liquidated Damages;

D. Litigation Costs, expenses, and attorneys' fees; and

E. Such other and further relief as the Court deems just and proper.

Date: January 17, 2017

           Respectfully Submitted,

           **WALDENREYNARD, P.L.L.C.**

           */s/ David D. Reynard, Jr.*
           T. LYNN WALDEN
           State Bar No. 20674800
           DAVID D. REYNARD, JR.
           State Bar No. 00784836
           Post Office Box 7486
           Beaumont, Texas 77726
           (409) 833-0202 Telephone
           (409) 832-3564 Telecopier

           **ATTORNEYS FOR PLAINTIFFS JESSICA REYES AND GISSELA LOPEZ, ON BEHALF OF THEMSELVES AND SIMILARLY SITUATED EMPLOYEES**