IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Jessica Reyes and Gissela Lopez, On | § | |
| Behalf of Themselves and Similarly | § | |
| Situated Employees | § | |
| | § | |
| Plaintiffs | § | Civil Action No.: 1:17-cv-00016 |
| | § | |
| V. | § | |
| | § | |
| Bona 1900, Inc., Bona 1372, Inc. | § | |
| and Hnreck Nazarian a/k/a | § | |
| Nazarian Enterprises d/b/a IHOP | § | |
| ("International House of Pancakes") | § | |
| | § | |
| Defendants | § | |

---

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CONDITIONALLY
CERTIFY A FLSA COLLECTIVE ACTION AND SEND NOTICE TO THE CLASS**

---

Defendants Bona 1900, Inc., Bona 1372, Inc. and Hnreck Nazarian Individually (incorrectly named as Hnreck Nazarian a/k/a Nazarian Enterprises d/b/a IHOP ("International House of Pancakes") (collectively "Defendants") file this opposition to Plaintiffs' Motion to Conditionally Certify a FLSA Collective Action and Send Notice to the Class ("Motion").

## SUMMARY OF OPPOSITION

Plaintiffs' Motion must be denied because the proposed class is excessively broad and because Plaintiffs' fail to provide substantial allegations that there are other IHOP employees who are similarly situated and who want to opt-in to this lawsuit. Specifically, Plaintiffs provide only unsupported beliefs that certain other employees are similarly situated which is not enough to meet their burden of proof. Plaintiffs also fail to provide any evidence that other similarly

situated employees want to opt-in the lawsuit, and in fact, fail to even assert that other employees want to opt-in.

To the contrary, Plaintiffs' evidence establishes that class certification is inappropriate. Plaintiffs' declarations show that Plaintiffs' own job duties and basic tasks are different, that their pay practices are different, that one Plaintiff is an exempt employee and the other two are non-exempt, and that there are multiple theories of liability at issue. Certifying such an overly broad class would impede rather than promote judicial efficiency.

## ARGUMENTS AND AUTHORITIES

### I.     Plaintiffs' Potential Class is Overbroad

Plaintiffs' proposed class which includes "all current and former employees of Bona 1372, Inc., Bona 1900, Inc. and Hnreck Nazarian a/k/a Nazarian Enterprises d/b/a IHOP ("International House of Pancakes") who work or worked at restaurants owned by, operated, supervised and/or managed by Defendants during the three-year period prior to the filing of this lawsuit" is overly broad.   Plaintiffs' Motion at p. 1. In determining whether conditional certification is appropriate, the Court may consider whether the proposed class is overbroad. *See Davis v. Charoen Pokphand (USA), Inc.,* 303 F.Supp.2d 1272, 1278 (M.D. Ala. 2004).

A finding of similarity requires a showing that all members of the class are similarly situated in terms of job requirements and payment practice. *Falcon v. Starbucks Corp.,* 580 F.Supp.2d 528, 535 (S.D. Tex. 2008). "[T]he mixing of both exempt and non-exempt employees in a class does not lend itself to proceeding by way of a conditional class because it is overbroad." *Tussing v. Quality Resources, Inc.*, No. 8:09–cv–1833–T–26AEP, 2009 WL 4350253, at *3 (M.D. Fla. Nov. 25, 2009); *see also Rife v. Fronton Holdings, LLC*, Case No. 16-21570-CIV-LENARD/GOODMAN, 2016 WL 6876494, at *4 (S.D. Fla. Nov. 18, 2016) (class

including every employee with "manager" or "supervisor" in his title includes both exempt and non-exempt and thus, is overbroad and conditional certification is improper); and *Butler-Jones v. Sterling Casino Lines, L.P.,* No. 6:08-cv-1186-ORL-35DAM, 2008 WL 5274384, at & (M.D. Fla. Dec. 18, 2008) (class definition including virtually all employees, including exempt and non-exempt was overbroad).  In *Garcia v. Champion Glass, LLC*, plaintiffs requested that notice be issued to "all current and former employees of champion Glass, LLC, for the last three years." CIV. No. SA-12-CA-0703-FB, 2013 WL 12106226, at *1 (W.D. Tex. Mar. 27, 2013).   After Defendants' opposed this definition as overbroad, Plaintiffs offered to limit the proposed class to "[a]ll, persons who, at any time during the three (3) years immediately preceding the filing of this lawsuit, worked at any business that was owned, operated, and/or acquired by Defendants, who was paid on an hourly basis and performed manual labor providing construction services." *Id.* at 4.  The court held that this proposed language was still overbroad.  *Id.*

Plaintiffs' proposed class is similar to the overbroad proposed class in *Garcia.*  Plaintiffs' definition of class would include any and all employees, current and former, exempt and non-exempt, all job duties and payment practices from any restaurant owned, operated, supervised or managed by the Defendants.  Certifying such an overly broad class would impede rather than promote judicial efficiency.  "[A]n FLSA plaintiff is not entitled to conditional certification simply to seek out others who might wish to join the action."  *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1166 (D. Minn. 2007). Accordingly, Plaintiffs' Motion should be denied.

## II.     Plaintiffs Must Show Substantial Allegations of "Similarly Situated" Employees Who May Desire to "Opt-In"

Conditional certification is only proper when there are "substantial allegations that class members were the victims of a single decision, policy, or plan infected by discrimination." *H&R Block v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999).  A plaintiff pursuing an FLSA claim

and seeking class certification must show:  "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist, (2) those aggrieved individuals are similarly situated to the plaintiff in relevant aspects given the claims and defenses asserted, and (3) those individuals want to opt-in to the lawsuit." *Graham v. Jet specialty, Inc*., No. MO-15-CV-135-DAE, 2016 WL 154846, at *3 (W.D. Tex. Jan. 11, 2016); *Clark v. City of Fort Worth*, 800 F.Supp.2d 776, 779 (N.D. Tex. 2011).  The requirement of a preliminary factual showing based upon competent evidence is necessary to avoid stirring up unwarranted litigation. *Hayes v. Thomas*, No. 5:05CV227, 2006 WL 1004991, at *4 (E.D. April 18, Texas 2006) citing *D'Anna v. M/A-Com., Inc*., 903 F. Supp. 889, 894 (D. Md.1995).

## III.    Plaintiffs' Burden of Proof is Not Invisible

Although the plaintiffs' burden at this stage is not onerous, it is not invisible. *Hart v. JPMorgan Chase Bank, N.A*., No. 12–CV–00470, 2012 WL 6196035, at *4 (M.D. Fla. Dec. 12, 2012). "While the notice stage standard is lenient, it is not automatic." *Morales v. Thang Hung Corp*., No. CIV. A. 4:08-2795, 2009 WL 2524601, at *2 (S.D. Tex. Aug. 14, 2009). Plaintiff's or counsel's belief in the existence of other employees who desire to opt in and "unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify" certification of a collective action and notice to a potential class.  *Hart,* 2012 WL 6196035, at *4. Further, employers should not be unduly burdened by frivolous fishing expeditions conducted by plaintiffs at the employer's expense. *Id.*

## IV.    Plaintiffs Fail to Meet the Standard for Conditional Certification

The question of whether to conditionally certify a class at the notice state is based on a review of the plaintiffs' pleadings and affidavits. *Garcia*, 2013 WL 12106226, at *1.

**A.    No Reasonable Basis for Crediting the Assertion that Aggrieved Individuals Exist**

Before providing notice, a plaintiff must offer a "reasonable basis" for the assertion that there are other similarly situated employees who desire to opt-in.  "[P]laintiff's or counsel's belief in the existence of other employees who desire to opt in and unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify certification of a collective action and notice to a potential class." *Housden*, 186 F.R.D. at 400; *Compagnone v. DL Pool Serv., LLC*, No. 215CV647FTM99MRM, 2016 WL 6575087, at *2 (M.D. Fla. Nov. 7, 2016). Even where potential plaintiffs are listed, a factual showing suggesting that they are similarly situated is required.  *D'Anna*, 903 F. Supp. at 894.

Plaintiffs fail to meet their burden of showing that there is a reasonable basis for believing that other aggrieved individuals exist for several reasons.  First, Plaintiff Lopez signed an affidavit in connection with another FLSA lawsuit filed by the WaldenReynard law firm in the matter of *Scarlet Banegas and Odin Campos, On Behalf of Themselves and Similarly Situated Employees v. Bona 1900, Inc. et al,* Civil Action No.: 1:16-CV-00086; In the United States District Court Eastern District of Texas, Beaumont Division in which she testified, directly contrary to the allegations made in this suit, *i.e.,* that when Defendant Bona 1900, Inc. employees worked overtime they were in fact paid overtime wages, and that Defendants [Bona 1900, Inc. and Hnreck Nazarian, Individually] do not have a policy of "requiring" employees to work overtime nor do they have a policy of "non-payment of overtime." Affidavit at ¶ 3.  Lopez further testified in her affidavit that Plaintiff Banegas was not permitted to work overtime hours because the restaurant did not have a need for her to work overtime.  *Id.*   Lopez also admitted that she was the person solely responsible for knowingly permitting Plaintiff Scarlet Banegas to work under another employee's name without telling her supervisor, Jesus Reyna or Defendant

Nazarian in order for Banegas to get more pay. Id.at ¶ 4.  Further to Lopez's knowledge, no one other than Ms. Banegas ever worked under another employee's name.  *Id.*

Second, managers from Bona 1900, Inc. and Bona 1372, Inc. have provided affidavits testifying that the use of multiple names and social security numbers was a scheme concocted by Lopez and implemented by her family (including Antonio Lopez) and friends who were also employees of Defendants in order to secure unearned wages from Defendants.  *See* Affidavits of Dolores Cova, Maria Figueroa, and Regina Fisher attached to Defendants' First Amended Answer, Affirmative Defenses and Counterclaims to Plaintiffs' First Amended Complaint – Collective Action as Exhibits 2, 3 and 4, respectively  [Doc. 21]  The affidavit testimony from Gissela Lopez's husband and co-conspirator Gerardo Lomeli, a former manager of Bona 1900, Inc. also establishes that there is no reasonable basis for believing that other aggrieved individuals exist because Lomeli states in the affidavit that he was the one who authorized former employee, Scarlett Banegas, to work under a different name.  *See* affidavit of Gerardo Lomeli, attached at Exhibit 1, Bates No. REYES00379.

Third, other than Plaintiffs' unsupported beliefs in the existence of other employees who want to opt-in, the only evidence Plaintiffs have put forward is a consent to join the lawsuit and a declaration by Gissela Lopez's brother Antonio Lopez. This declaration, however, has no probative value because there is evidence that Antonio Lopez was a co-conspirator with his sister in the scheme to defraud Defendants and create this FLSA claim.  *See* Declaration of Maria Figueroa at ¶¶ 8 and 10.  Regardless, Antonio Lopez's declaration fails to establish that he is similarly situated to Plaintiffs by not testifying to his job responsibilities to show he performed the same basic tasks as Plaintiffs.  Not only have plaintiffs' failed to show evidence of potential

opt-ins, there is considerable evidence of Defendants' employees who do not want to opt-in.  *See* Non Opt-In Employee Affidavits attached collectively as Exhibit 2 and Section C below.

Lastly, Plaintiffs' First Amended Complaint – Collective Action fails to establish that a reasonable basis for crediting Plaintiffs' assertion that aggrieved individuals exist. The First Amended Complaint merely sets forth Plaintiffs' personal FLSA claims and then makes the conclusory allegation that, "Plaintiffs and the Collective Action Members are 'similarly situated,' as that term is defined in 29 U.S.C. § 216(b), because, on information and belief, they have been subjected to Defendants' policies of avoiding the payment of overtime wages, as described above." First Amended Complaint – Collective Action at p. 5, ¶ 20. [Doc. 12] Plaintiffs' "belief" is not enough to meet Plaintiffs' burden.  *Parker,* 492 F. Supp. 2d at 1165.

Based on the evidence above, no reasonable basis exists for crediting Plaintiffs' assertion that aggrieved individuals exist or that such individuals want to opt-in the lawsuit.  Rather, it was Plaintiffs themselves, as well as their family and friends (including Antonio Lopez), who decided to use multiple names and social security numbers to defraud Defendants. No aggrieved individuals exist because Defendants did not implement any widespread discriminatory policy or practice of denying overtime wages.

### B.     No evidence of evidence of "similarly situated" employees

Plaintiffs' allegations fall short of their burden to establish other "similarly situated" employees. "Potential class members are considered similarly situated to the named plaintiff if they are similarly situated in terms of job requirements and similarly situated in terms of payment provisions." *Heeg v. Adams Harris, Inc.* 907 F. Supp. 856, 862 (S.D. Tex. 2012). A factual showing that any potential plaintiffs are similarly situated is required. *Housden,* 186

F.R.D. 399, 400.  Plaintiffs must provide a factual showing that potential plaintiffs are similarly situated, a list of names is not enough.  *See D'Anna,* 903 F. Supp. at 894.

In support of their Motion, Plaintiffs submit declarations of Jessica Reyes, Oscar Atonal, Sandricka Newton, Gissela Lopez, Scarlett Banegas, Odin Campos and Antonio Lopez ("the Declarations"). In general, the Declarations consist primarily of vague, conclusory and unhelpful allegations unsupported by any factual assertions showing the basis of the declarants' knowledge with respect to the alleged similarly situated employees. *See Lentz v. Spanky's Rest. II, Inc.,* 491 F.Supp.2d 663, 669 (N.D. Tex. 2007) (finding no evidence of similarly situated potential plaintiffs when plaintiff's only evidence of other similarly situated employees was his affidavit containing conclusory allegations); *Housden*, 186 F.R.D. at 400 (denying plaintiff's motion for certification in part because plaintiff only submitted affidavits making conclusory allegations of similarly situated potential plaintiffs).

At best, the Declarations offer evidence of their own individual FSLA claims, their different job duties and different payment practices, without any evidence of a single widespread discriminatory plan.  The Declarations fail to establish Plaintiffs have personal knowledge of the existence of potential plaintiffs with common or similar job responsibilities and payment practices, or provide any other factually sufficient basis for the Court to conclude that a collective action should be certified.  *Austin v. Onward, LLC,* 161 F. Supp. 3d 457, 465 (S.D. Tex. 2015). Thus, Plaintiffs' Motion should be denied.

1.   Plaintiffs' Declarations

Jessica Reyes' first declaration does not identify any other potential plaintiffs who may be interested in opting into her lawsuit. Plaintiffs' Motion, Exhibit A. In addition to her own work schedule and alleged FSLA violation, Reyes merely provides a statement of belief as to the

existence of other similarly situated employees which is insufficient. *See Versacom, LLC*, 2015 WL 1400564, at *8 (stating that affidavits must be based on personal knowledge and that a mere statement of belief as to the existence of other similarly situated employees is insufficient). The declaration provides, in relevant part:

> "It is my belief that other employees at these restaurants were denied overtime pay through the use of the two social security number method I have described."

> "… [i]t is my belief that he probably did not pay lawful overtime wages to employees at the other locations."

Plaintiffs' Motion, Exhibit A at ¶¶ 8 and 11.

In Reyes' third declaration, Plaintiffs' Motion, Exhibit J, she make the conclusory statement that she's "aware that the following persons worked under more than one name as party of the restaurants' policy of not paying workers overtime wages," but fails to provide any facts to establish the basis of her knowledge.  Plaintiffs' Motion, Exhibit J at ¶ 2.  Although Reyes identifies the names of 9 employees [REDACTED], two unnamed busboys, named Plaintiff Atonal and former Plaintiff Scarlett Banegas who she contends were denied overtime wages by working under multiple names, she fails to provide any factual information establishing that these employees are similarly situated in terms of job requirements and payment provisions.  *Id.* at ¶ 3.  As a result, Reyes' third declaration also fails to meet Plaintiffs' burden of showing "similarly situated" potential plaintiffs exist.  Notably, Scarlet Banegas cannot opt-in this lawsuit because she has signed an agreement with Defendants precluding her from bringing any action based on FLSA claim. *See* Section IV. B. 2. below. Further, Oscar Atonal should not be considered a potential plaintiff because he is already a plaintiff in the case.

Oscar Atonal's declarations provide details of his own alleged FSLA violations, but fails to state his job duties or identify any similarly situated potential plaintiffs and does not even state he has a belief that any exist.  Plaintiffs' Motion, Exhibits C and D.  This makes it impossible for

the Court to determine if other employees are similarly situated to Atonal.  *See Rife*, 2016 WL 6876494, at *5.

Gissela Lopez's first declaration also fails to identify any similarly situated potential plaintiffs and provides only information regarding her own work schedule and alleged FSLA violations. Plaintiffs' Motion, Exhibit F.  She merely makes the conclusory statement that:

> "However, I have personal knowledge that other workers were required to work under more than one social security number as party of Hnreck Nazarian's plain to avoid the payment of overtime wages."

Plaintiffs' Motion, Exhibit F at ¶ 7.

Lopez's declaration does not provide any factual basis for her alleged personal knowledge.  She too identifies Scarlett Banegas and Jessica Reyes as a person paid under more than one social security number. But for the reasons stated above, Banegas may not be considered a potential plaintiffs in this lawsuit and Reyes is already a plaintiff.

Lopez's second declaration, Plaintiffs' Motion, Exhibit I, mainly contains assertions related to another affidavit she executed in the Banegas/Campos matter which is irrelevant to whether this matter should be certified as a collective action. Near the end of the declaration Lopez broadly states, without any factual support, that she has personal knowledge "many employees" of the Defendants were denied overtime wages through the use of more than one name and social security number." Plaintiffs' Motion, Exhibit I, at ¶ 7.  Lopez lists only the names of seven other employees [REDACTED] other than the named Plaintiffs Reyes and Atonal, and former Plaintiff Scarlett Banegas who were allegedly denied overtime wages through the use of more than one name and social security number.  *Id.*  Lopez also fails to provide any information establishing that the listed employees are similarly situated in terms of job requirements and payment provisions. *Heeg*, 907 F. Supp. at 856.

2.   <u>Scarlet Banegas and Odin Campos' Declarations</u>

The declarations of Scarlet Banegas and Odin Campos cannot be considered in determining whether to certify this matter as a collective action and must be stricken because the use of these declarations violates the agreement entered into in *Scarlet Banegas and Odin Campos, On Behalf of Themselves and Similarly Situated Employees v.  Bona 1900, Inc. and Hnreck Nazarian a/k/a Nazarian Enterprises d/b/a IHOP ("International House of Pancakes")*; Civil Action No: 1:16-CV-00086; In the United States District Court Eastern District of Texas Beaumont Division in which Plaintiffs' counsel represented Banegas and Campos.  The use of Banegas and Campos' declarations in support of Plaintiffs' Motion violates their agreement not to assist any attorneys or their clients in the prosecution of any disputes, differences, grievances, claims, charges, or complaints by any third party against any of the Released Parties – Defendants Bona 1900 and Hnreck Nazarian.[1] Moreover, because this matter was closed and Banegas and Campos are barred from participating or brining any action against Defendants, these individuals cannot opt in to any collective action.  Accordingly, the Court must strike the declarations of Scarlett Banegas and Odin Campos.

In the event the Court does not strike Banegas and Campos' declarations, the declarations should not be considered because they do not establish similarly situated employees.  Rather, they are self-serving declarations in which Banegas maintains she was at times required to work over 40 hours a week and often not paid overtime. She also asserts that, on occasion, instead of paying her overtime she received checks made payable to her under pseudonyms. Likewise, in Campos's declaration he maintains the he was not paid overtime and that *he* was told if he wanted to receive overtime pay he would have to accept two checks – one in his name and the other in another name. Both declarations, at best, allege only Plaintiffs' own claims against Bona 1900, Inc. and Hnreck Nazarian.

---

[1] At the Court's request, Defendants will submit a copy of the relevant agreement for an *in camera* inspection.

Neither Banegas nor Campos' declarations provide any factual support based on personal knowledge that other IHOP employees were denied overtime pay and part of a widespread pseudonym scheme. Banegas makes the broad conclusory allegation that she has personal knowledge that other employees were paid in the same manner because "other hourly employees at the IHOP who had been denied overtime by being paid this way told me where I could cash the checks that were payable to me, but under different names." Banegas admits in her declaration that her belief that there was a policy at IHOP of not paying overtime by using pseudonyms is based solely on employees telling her where to cash checks.  Campos does not even attempt to provide any support for his conclusory allegation that others were paid under pseudonyms. His declaration merely includes the bald assertions that he knows that other IHOP employees were paid with more than one check, and that he knows Scarlet Banegas and other cooks and kitchen staff were paid this way.  These assertions and a comment from Gisele Lopez that the owner would yell at her for paying overtime is Campos's only basis for his conclusion that other employees were paid under pseudonyms.

3.  Shandricka Newton's Declaration

Shandricka Newton's declaration is irrelevant in determining whether this matter should be conditionally certified as a collective action and should not be considered. Plaintiffs' Motion, Exhibit E. None of Newton's testimony shows that any similarly situated employees exist. Further, there are statements in Newton's affidavit that should not be considered because she fails to lay a foundation to establish she has personal knowledge of certain information, including:  "I learned that for the additional shift, Jessica was working under a different name and a different social security number so that IHOP could avoid paying her overtime wages" and "I understand that the purpose of this was to avoid paying these workers overtime." *Id.* at ¶¶ 4

and 5.   The factual showing of similarly situated employees must be based on a personal knowledge of the facts. *Tice,* 826 F. Supp. 2d at 995.

    4.  <u>Antonio Lopez's Declaration</u>

The declaration of Lopez's brother, Antonio Lopez, has no probative value because there is evidence that he was involved with his sister in the scheme to defraud Defendants and create this FLSA claim. *See* Declaration of Maria Figueroa at ¶¶ 8 and 10.   Notwithstanding, Antonio Lopez's declaration fails to establish that he is similarly situated to Plaintiffs by not testifying to his job responsibilities to show he performed the same basic tasks as Plaintiffs, that any other potential plaintiffs exist, and it fails to even state that he wants to opt-in the lawsuit. *See* Declaration of Antonio Lopez. This makes it impossible for the Court to determine if other employees are similarly situated to Lopez. *See Rife*, 2016 WL 6876494, at *5.

**C.**    **Even if "Similarly Situated" Employees Exist, there is No Evidence They Would Actually Opt-In this Lawsuit**

"If an FLSA plaintiff were required to show only that other potential plaintiffs exist (rather than showing that those potential plaintiffs would actually seek to join the lawsuit), it would render preliminary class certification automatic, as long as the Complaint contains the magic words: 'Other employees similarly situated." *Parker,* 492 F. Supp. 2d at 1165. "Before conditionally certifying a class and authorizing notice to potential plaintiffs, the court must also satisfy itself that there are other similarly situated employees of defendants who desire to opt-in to the litigation." *Songer v. Dillion Res., Inc.,* 569 F.Supp.2d 703, 707 (N.D. Tex. 2008).   In *Songer*, even though the plaintiffs identified three additional potential plaintiffs and one who had already opted in to the action, the court still denied their motion to certify the class. *Id.* Most courts require affidavits or declarations by the potential plaintiffs who wish to opt into the lawsuit. *Mason v. Amarillo Plastic Fabricators*, No. 2:15-CV-00109-J, 2015 WL 4481233, at *3

(N.D. Tex. July 22, 2015); s*ee, e.g., Sarmiento–Perez v. Las Colinas Int'l, Inc*., No. 3:14–CV–1898–L, 2015 WL 3539571, at *1–3 (N.D. Tex. June 5, 2015) (granting conditional certification where four potential plaintiffs filed opt in consent forms and supporting affidavits); *Nguyen v. Versacom*, LLC, No. 3:13–CV–4689–D, 2015 WL 1400564, at *7–8 (N.D. Tex. Mar. 27, 2015); (granting conditional certification where plaintiffs identified at least eighteen potential plaintiffs who had already opted in); *Behnken v. Luminant Mining Co., LLC*, 997 F.Supp.2d 511, 522–23 (N.D. Tex. 2014) (granting conditional certification where there was evidence that more than fifty employees had already opted in); *Lee v. Metrocare Servs*., 980 F.Supp.2d 754, 768 (N.D. Tex. 2013) (granting conditional certification where plaintiffs presented three declarations showing that there were potential class members who desired to opt in); *Jones v. JGC Dall,* LLC, No. 3:11–CV–2743–0, 2012 WL 6928101, at *1, *3–4 (N.D. Tex. Nov.29, 2012) (granting conditional certification where plaintiffs provided the court with declarations from opt-in plaintiffs and evidence that more than twenty potential plaintiffs had opted in); *Oliver v. Aegis Commc'ns Grp., Inc*., No. CIV.A. 3:08–CV–828–K, 2008 WL 7483891, at *1, *4 (N.D. Tex. Oct.30, 2008) (granting conditional certification where fifty-three declarations were filed and ninety-four plaintiffs had opted into the lawsuit).

Plaintiffs have failed to present any competent evidence that any other, current or former, employee from any of the seven IHOP locations would actually opt in given the opportunity. *See, e.g., Stiles v. FFE Transp. Servs., Inc.,* 2010 WL 935469 (N.D. Tex. Mar. 15, 2010) (denying certification where only four potential plaintiffs identified); *Lentz,* 491 F.Supp.2d at 669 (finding it problematic that the plaintiff could only identify one other potential plaintiff). "A plaintiff must do more than show the mere existence of other similarly situated persons, because there is no guarantee that those persons will actually seek to join the lawsuit." *Morales,* 2009

WL 2524601, at *3 (S.D. Tex. 2009) (one consent filed with the court is not enough to establish that a collective action, along with the expensive notice it requires, is the most efficient way to proceed with litigation); *Parker,* 492 F. Supp. 2d at 1165; *see also O'Donnell v. Robert Half Int'l, Inc.*, 534 F. Supp. 2d 173179 (D. Mass. 2008) ("plaintiffs must present information, *i.e.*, more than speculation or bald assertions by the plaintiffs, that putative class members are interested in joining the suit.").

Here, Plaintiffs have submitted only the consent and declaration of Antonio Lopez, a co-conspirator to his sister's scheme to defraud Defendants for unearned wages. Plaintiff's failure to procure affidavits from any other potential opt-in plaintiff strongly suggests that there is no class of similarly situated IHOP employees willing to participate in this collective action. Although Plaintiffs aver that other potential plaintiffs may exist, this is insufficient to satisfy Plaintiffs' burden.  In the absence of at least some competent evidence indicating that others will opt in to this lawsuit, there is no basis to conclude that this is an "appropriate case" for collective-action status – it is simply a lawsuit involving three plaintiffs.  Accordingly, conditional certification must be denied.  *Parker,* 492 F. Supp. 2d 1159, 1165–66 (D. Minn. 2007).

To the contrary, there is ample evidence that the employees of all seven of IHOP restaurants owned and operated by Defendants' are paid overtime wages when they work overtime hours, work under only their name and social security number and have never been asked by Hnreck Nazarian or anyone else in management to clock in under a pseudonym, thus, do not wish to opt-in this lawsuit.  *See e.g.,* affidavits of Juan Ramirez (server and manager on duty), Paola Lopez (server), Rebecca Matherly (server); Zoi Eris (server), Yasira Vasquez (cook), Mauricio Martinez (cook), Jose Perez (combo), Giovanni Alvarez (server), Fermin Prado (host), Karla D'an (trainer), Fernanda Liera (server), Marco Sanchez (host), Margarita Pena

(combo), Sandra Woolard (server), Linda Gallagher (host), Antonio Rodriguez (cook), Corbin

Dailey (cook), Lilian Jimenez (cook), Lidia Jimenez (server), Rosa Perez (server), Esther Ortega

(combo), Robert Harris (manager), Holly Hamilton (server), Yansi Parada (server), Nora Lunas

(cook), Kevin Yohn (server and manager), Breana Garcia (server), Luis Chay (cook), Alicia

Jones (server), Scholastique Boyd (server), Jakayla Flemings (hostess), Jaythan Gilder (server),

Manuel Cooper (cook), Feliciana Sotelo (combo), Kevonia Joseph (manager), Destiny Banks

(server), Sergio Hernandez (cook), Landa Allen (server), Christopher Quarles (server), Alisha

Prince (server), Cecilio Gamarras (server), Eddy Orozco (cook), Erica Stump (server), Felipe

Carvajal (cook), Francisco Hernandez (cook), Jesse Tellez (server), Kayla Thomas (server), Ruth

Urias (combo), Tito Reyes (cook), and Tomasa Roman (combo). Exhibit 2.

### D. Plaintiffs Establish that They are Not "Similarly Situated" and that They are Not Victims of a Single Decision, Policy, or Plan infected by discrimination

Plaintiffs' declarations establish that conditional certification is improper because the

Plaintiffs themselves are not similarly situated to each other as their job duties and payment

provisions vary significantly, and because the Plaintiffs are not victims of a single decision,

policy, or plan infected by discrimination.  *Housden*, 186 F.D.R. at 400; *see Lentz v. Spanky's*

*Restaurant II, Inc.*, 491 F. Supp. 2d 663, 669 (N.D. Tex. 2007) (finding no evidence of similarly

situated plaintiffs where defendant presented affidavits showing that the plaintiff had different

duties and responsibilities from most other employees); *Lee v. Metrocare Servs.*, 980 F. Supp. 2d

754, 766 (N.D. Tex. 2013) (the question is whether the potential class members performed same

basic tasks).

According to Reyes, she performed duties including waitressing, cooking, food

preparation, and bussing tables.  Exhibit A at ¶ 10.  Atonal fails to state his duties.  Exhibit C and

D.  Lopez testified she was a kitchen manager, and that she cooked, waited and bussed tables,

kitchen prep work, cleaned, checked food date labels and food inventory, and made bank deposits as well as "extensive" other undescribed work.  Exhibit F at ¶ 4; *See also* Affidavit of Minnie Longoria attached as Exhibit 3.  Most significant, Atonal and Reyes were non-exempt hourly employees and Lopez was primarily an exempt salaried employee.  Exhibit 3.

Plaintiffs assert distinct FLSA claims and therefore, fail to meet their burden of showing they were victims of a single decision, policy, or plan infected by discrimination. Reyes and Atonal claim they were required to work under pseudonyms, Lopez claims she was misclassified as exempt-employee, and Atonal also claims he was required to work off the clock.  Exhibits A, C and F; *see Tolentino,* 716 F. Supp.2d at 651 (a different analysis is required for non-supervisory employees, thus not similarly situated as non-supervisory employees). Plaintiffs' various job duties result in divergent theories of liability requiring individualized inquires and thus, conditional certification is inappropriate and Plaintiffs' Motion must be denied.

### E.     No Grounds to Issue Company-Wide Notice

Should the Court decide to certify this matter as a collective action, certification must be limited to the IHOP located at 5875 Eastex Freeway (Bona 1900, Inc.) and 3830 College Street (Bona 1372, Inc.), Beaumont, Texas.  "FLSA violations at one of a company's multiple locations generally are not, without more, sufficient to support company-wide notice." *Graham,* 2016 WL 154846, at *4 (quoting *Rueda v. Tecon Servs., Inc*. No. A. H–10–4937, 2011 WL 2566072, at *4–6 (S.D. Tex. June 28, 2011)) (explaining that individuals from certain locations would not be included in a conditional class, where no employee from the location submitted an affidavit in support of conditional certification).

Plaintiffs' allegations and declarations do not support a comprehensive company-wide notice because they address only the IHOP restaurants located 5875 Eastex Freeway and 3830

College Street, Beaumont, Texas.  Plaintiffs fail to present any evidence of any employee at any of the other IHOP locations that were similarly situated and desire to opt-in to this lawsuit.  The factually unsupported allegations that Reyes "heard owner Hnreck Nazarian instruct store managers to avoid the payment of overtime wages" and that Reyes declared "the policy against overtime was implemented by … Jesus Reyna, who supervises all … IHOP locations" and that Lopez "believes" that Hnreck Nazarian had apolicy applied thought his seven Texas IHOP Restaurants are insufficient to support notice to employees at the other five IHOP locations. Exhibit A at ¶ 3 and Exhibit F at ¶ 9. Accordingly, if the Court decides to certify this matter as a collective action, the certification should be limited to the IHOP located on 5875 Eastex Freeway and 3830 College Street in Beaumont, Texas.

## V.      Plaintiffs' Request for Information is Unreasonable and Overly Broad

Plaintiffs request that the Court order Defendants to provide the "full name, last known mailing address, telephone number, email address, date of birth, each job title held and the dates such title(s) were held from January 17, 2014, through the present, and the last four digits of the social security number for each of the seven (7) Nazarian Enterprises IHOP locations." Plaintiffs' Motion at p. 13, ¶ 30.  This request is unreasonable and overly broad.

Disclosure of IHOP employees' telephone number, email address, date of birth, last four digits of the social security number, and job title of all hourly employee is not warranted. "The benefits of a collective action 'depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.'" *Behnken v. Luminant Min. Co., LLC,* 997 F.Supp.2d 511, 523 (N.D.Tex.2014) (quoting *Hoffman–La Roche*, 498 U.S. at 170). Many Texas courts hold that the putative class members' names and addresses are sufficient to ensure that notice is received. *E.g.*,

*Garcia v. TWC Administration, LLC*, No. SA:14–CV–985–DAE, 2015 WL 1737932, at*4 (W.D. Tex. Apr. 16, 2015) (those putative class members whose notices are returned as undeliverable, plaintiffs may request the production of additional information to assist them in reaching those individuals); *Altiep v. Food Safety Net Servs., Ltd*., No. 3:14–CV–00642–K, 2014 WL 4081213, at *6 (N.D. Tex. Aug. 18, 2014) (denying plaintiffs' request for telephone numbers and email addresses because "Plaintiffs have shown no reason that sending a letter to a potential plaintiff's last known address would provide inadequate notice"); *Aguayo v. Bassam Odeh, Inc*., No. 3:13–CV–2951–B, 2014 WL 737314, at *6 (N.D. Tex. Feb. 26, 2014) (limiting production to putative class members' names, last known addresses, and dates of employment); *Page v. Nova Healthcare Mgmt., LLP,* No. H–12–2093, 2013 WL 4782749, at *7 (S.D. Tex. Sept. 6, 2013) (denying plaintiffs' request for telephone numbers "because of the highly private and sensitive nature of this information" and limiting production to potential plaintiffs' names and last known mailing addresses).

Here, Plaintiffs have alleged no reason whatsoever for the disclosure of the employees' telephone number, email address, date of birth, last four digits of the social security number, and job title – highly private and sensitive information.  In support of their request, Plaintiffs rely on the *Jones* case where the court ordered the disclosure of the putative class's email addresses, mailing addresses and telephone numbers. This case is distinguishable from this matter.  *Jones v. Cretic Energy Servs., LLC*, H–15–0051, 2015 WL 8489978, at *10 (S.D. Tex. Dec. 9, 2015). The *Jones* court order the disclosure of this information because it was undisputed that the potential class members work required them to travel to oilfields in remote locations and stay far away from their homes for extended periods of time. *Jones*, 2015 WL 8489978, at *10.  That is not the case with IHOP hourly employees. Accordingly, the request for the disclosure of IHOP

employees' telephone number, email address, date of birth, last four digits of their social security number, and their job title should be denied.

Plaintiffs ask that in addition to mailing the notice to putative class members, the Court require defendant to post the notice—both in English and in Spanish.  Plaintiffs' Motion at p. 14, ¶ 32. Posting notice is unreasonable and superfluous in light of Plaintiffs' contemporaneous request to mail notice to putative plaintiffs. Plaintiffs have not shown that posting the notice at IHOP restaurants is necessary.  Postings (1) would not reach former employees (2) would not provide consent forms (3) would cause disruption in the workplace and (4) would require defendant to train management on how to address questions regarding the notices. Plaintiffs fail to state any additional benefits from posting the notice.  In particular, it appears that the posting would reach the same potential plaintiffs, *i.e.* current employees, for whom defendant would most likely have current address information.  *See, e.g.*, *Darrow v. WKRP Mgmt.,* LLC, No. 09–cv–01613–CMA–BNB, 2012 WL 638119, at *7 (D. Colo. Feb. 28, 2012).  If that proves not to be the case, *i.e.* if it turns out that defendant does not have current addresses for many of its current employees, plaintiffs may renew their request. *Barbosa v. Nat'l Beef Packing Co., L.P.,* No. CIV.A. 12-2311-KHV, 2013 WL 393301, at *5 (D. Kan. Jan. 31, 2013).

## VI.    Objections to the Proposed Notice

### A.    Definition of the Putative Class is Excessively Broad

Plaintiffs seek to define the putative class as "all current and former employees" "who worked at restaurants owned, operated and/or managed by Defendants." Motion at p. 2, ¶ 4 and Notice at p. 1.  This definition is excessively broad because it does not sufficiently identify the employment policies and practices at issue.  *Scheall v. Nicaea Academy, Inc*., No. 2:14-cv-653-FtM-29DNF, 2015 WL 3991041, at *3 (M.D. Florida 2015).  *See* Section I above.

### B.        Limitations Period is Incorrect

Plaintiffs ask the Court to issue notice to all current and former hourly workers employed by Bona 1900, Inc. and/or Hnreck [sic] Nazarian a/k/a Nazarian Enterprises d/b/a IHOP on or after January 17, 2014 – three years prior to the filing of this lawsuit.  A cause of action arising out of a willful violation of the FLSA "may be commence within three years after the cause of action accrued."  29 U.S.C. § 255 (a).  "The limitation period is not tolled as to individual claimants until the claimant files a written opt-in consent form with the court." 29 U.S.C. § 256(b).  Accordingly, should the Court decide to certify this matter as a collective action, the limitations period should confine class certification to a period three years prior to the date on which this Court conditionally certifies the class.  *See Altiep*, 2014 WL 4081213, at *5; *Watson v. Travis Software Corp.*, No. H–07–4104, 2008 WL 5068806, at *8 (S.D. Tex. Nov.21, 2008); *Quintanilla v. A & R Demolitina, Inc.,* No. H–04–1965, 2005 WL 2095104, at *16 (S.D. Tex. Aug. 30, 2005).

### C.        Discovery Obligations Must Be Stated in Notice

Plaintiffs' proposed notice should advise putative class members that they may be required to participate in discovery, including responding to written questions, sitting for depositions, and/or testifying in court.  *Snively v. Peak Pressure Control*, LLC, 174 F. Supp. 3d 953, 962 (W.D. Tex. 2016). Courts have noted that such an advisory is routinely approved. *E.g.*, *Garcia*, 2015 WL 1737932, at *7; *Behnken*, 997 F.Supp.2d at 524; *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F.Supp.2d 445, 450 (S.D.N.Y. 2011).  This Court should do the same.

### D.        Responsibility for Costs and Expenses Must Be Stated in Notice

The proposed notice should also advise opt-in plaintiffs of potential personal financial liability in the event they do not prevail, and that they may be responsible for costs and expenses,

as well as damages since Defendants have filed counterclaims. As the *Behnken* court noted,
"potential opt-in plaintiffs may be required to pay taxable court costs if the judgment is
unfavorable to them," and without such an advisory, "the proposed notice form is not completely
accurate as to the potential liabilities for those who join the lawsuit." *Behnken*, 997 F. Supp. 2d
at 524.  This advisory is necessary for potential plaintiffs to make an informed decision about
whether to opt in to the lawsuit. *Id.*

### E.      Reminder Notice is Unnecessary

Plaintiffs also ask that they be authorized to mail follow-up postcards to any putative
class member who has not responded with in thirty days after the mailing of the initial notice.
Plaintiffs' Motion at p. 13, ¶ 31. This request should be denied because Plaintiffs have failed to
show or even allege why a reminder notice is necessary. Courts that have denied requests for
reminder notices have done so upon finding them unnecessary. *See, e.g., Garcia,* 2015 WL
1737932, at*4 (W.D. Tex. Apr. 16, 2015) (the court refused to order reminders because plaintiffs
did not identify any particular reason why a reminder notice was necessary to ensure sufficient
notice under the circumstances of the case); *Guzelgurgenli v. Prime Time Specials Inc.*, 883
F.Supp.2d 340, 357–58 (E.D.N.Y.2012) (denying request for reminder notice because plaintiff
failed to identify any reason why such notice was necessary under the particular circumstances of
the case).  The *Jones* court permitted a reminder notice under the specific circumstances of the
case – the potential class members worked at remote locations for extended periods of time –
unlike this case.  *Jones*, 2015 WL 8489978, at *10.

### F.  Language on How to Participate in this Lawsuit is Improper

Plaintiffs' proposed notice informs potential plaintiffs that if they want to join this
lawsuit, they "may do so by completing the attached 'Consent to Become Party Plaintiff' form

and mailing it in the enclosed, pre-paid envelope or sending it to the Plaintiffs' counsel by fax …

or by email to twalden@wrtexaslaw.com" and, that "[t]he form must be returned to Plaintiffs'

counsel by _____  __, 2017." Plaintiffs' Motion, Notice of Opportunity to Join a Lawsuit to

Recover Unpaid Overtime Wages at p. 4. This language is improper because the notice must

inform potential class members that they may contact any attorney of their choosing to discuss

the case.  *See Tolentino v. C&J Spec-Rent Servs. Inc*., 716 F. Supp. 642, 655 (S.D. Tex. 2010)

("[T]he notice must inform potential class Plaintiffs that they may contact any attorney of their

choosing to discuss the case").   Further, class members wishing to opt-in must return their

Consent forms directly to the Court by filing them with the clerk of court, not to Plaintiffs'

counsel. *Id.*

### G.  Fails to State Defendants Dispute Claims

Notice is not impartial because it fails to mention that Defendants dispute Plaintiffs'

claims. *See e.g. Compagenone*, 2016 WL 6575087, at *5 (court approved notice language

containing the heading "DEFENDANT'S POSITION" and a statement that "[defendant]

maintains that it paid its service technicians in accordance with the applicable law and that each

was properly compensated").

### H.  Statements of Plaintiffs' Allegations are Prejudicial

Plaintiffs' allegations contained in "WHAT THE LAWSUIT IS ABOUT" are prejudicial

in that they provide an excessive detailed narrative description of Plaintiffs' claims.  Only a brief

description of the nature of the case and plaintiffs' rights should be provided.  *See Gronefeld v.*

*Integrated Production, Servs., Inc*., 5:16-CV-55, 2016 WL 8673851, at 6 (W.D. Tex. 2016).

## I.   Notice Period Must be Limited

Plaintiffs' notice is insufficient because it fails to limit the notice period. *McCloud v. McClinton Energy Croup, LLC,* CV No. 7:14-CV-120, 2015 WL 737024, at*10 (Feb. 20, 2015).

## CONCLUSION

This matter is unsuitable for collective action and Plaintiffs' motion must be denied. Plaintiffs proposed class is overbroad, in fact, their definition of class does not even identify a class.  Plaintiffs fail to establish there are any "similarly situated" employees who want to "opt-in" to this litigation. There is no evidence of potential plaintiffs with similar job duties and pay practice who will opt-in and no evidence of a widespread discriminatory plan.  Plaintiffs' beliefs and conclusory allegations are not enough to warrant conditional certification.

In the event the Court determines that this matter should be certified and notice issued, the notice should be confined to employees at the IHOP on 5875 Eastex Freeway and 3830 College Street because there is no evidence of a widespread company scheme.  Also, Defendants should not be required to disclose unnecessary private information of its employees, nor should Plaintiffs be allowed to issue a reminder notice because they failed to show or even assert why disclosure of this information or a reminder notice is necessary. Further, the notice must be amended to include discovery obligations and potential costs and expenses to be incurred, remove Plaintiffs' detailed allegations, state Defendants dispute Plaintiffs' claims, and inform potential plaintiffs that they may retain counsel of their choosing. Lastly, the correct limitations period must be used and the notice period must be limited.

Respectfully Submitted,

**HUGHES ROCH LLP**

BY:  */s/ Carolyn D. Roch*
Carolyn D. Roch
Texas Bar No. 00791152
1200 Smith Street, Suite 1550
Houston, Texas 77002
cdroch@hughesroch.com
Telephone:  (713) 588-0890
Facsimile:  (713) 456-2205

**ATTORNEY IN CHARGE FOR
DEFENDANTS BONA 1900, INC. AND
HNRECK NAZARIAN INDIVIDUALLY**


**CERTIFICATE OF SERVICE**

I certify that on May 30, 2017, a copy of Defendants Bona 1900, Inc., Bona 1372, Inc. and Hnreck Nazarian Individually's Opposition to Plaintiffs' Motion to Conditionally Certify a FLSA Collective Action and Send Notice to the Class was electronically filed on the CM/ECF system, which will automatically service a Notice of Electronic Filing on the following attorney in charge for Plaintiffs Jessica Reyes, Gissela Lopez, and Oscar Atonal On Behalf of Themselves and Similarly Situated Employees:

T. Lynn Walden
David D. Reynard, Jr.
WaldenReynard, PLLC
P.O. Box 7486
Beaumont, Texas 77726
Tele: 409.833.0202
Fax:  409.832.3564
twalden@wrtexaslaw.com
dreynard@wrtexaslaw.com


*/s/ Carolyn D. Roch*
Carolyn D. Roch