IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Jessica Reyes and Gissela Lopez, On Behalf of Themselves and Similarly Situated Employees, | § § § § | |
| Plaintiffs, | § | Civil Action No.: 1:17-cv-00016 |
| v. | § § | |
| Bona 1372, Inc., Bona 1900, Inc. and Hnreck Nazarian a/k/a Nazarian Enterprises d/b/a IHOP ("International House of Pancakes"), | § § § § § § | |
| Defendants. | § | |

**DEFENDANTS' SUPPLEMENT TO OPPOSITION TO PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY AN FLSA COLLECTIVE ACTION AND SEND NOTICE**

Defendants file this Supplement to Opposition to Plaintiffs' Motion to Conditionally Certify an FLSA Collective Action and Send Notice.

Along with 49 other affidavits establishing that Defendants' pay overtime wages and do not require its employees to work under pseudonyms, Defendants submitted the affidavit of Luis Chay in support of their Opposition to Plaintiffs' Motion to Certify. *See* affidavit of Luis Chay, dated May 24, 2017 attached as part of Exhibit 2 to Doc. #38.[1] In a desperate attempt to diffuse this overwhelming evidence that Defendants have not violated the FLSA, Plaintiffs cherry-picked Mr. Chay's (an employee who worked directly under Plaintiff Gissela Lopez) affidavit from the group alleging that Mr. Chay did not understand the substance of the affidavit he signed because, according to Gissela Lopez, he does not read or speak English. *See* Plaintiffs' Reply to

---

[1] For the Court's convenience, a copy of Mr. Chay's May 24, 2017 affidavit is attached to this supplement as Exhibit A.

Motion, at p. 3, Doc. #46 ("Reply"). Specifically, Plaintiffs contend that because Defendants did not produce a translator's certificate that "there is no way to know whether Luis Chay comprehended the substance, intent, meaning and ramifications of what he was signing." *Id.* at p. 21. Plaintiffs are wrong. First, Mr. Chay admits that Wifredo Perdomo served as a Spanish interpreter at the time he signed the affidavit on May 24, 2017, and second, Mr. Chay *testified* that he understood what Ms. Longoria asked him about his employment at IHOP, the same matters contained in his affidavit. *See* affidavit of Luis Alfredo Chay, dated June 22, 2017, attached as Exhibit B.

Next, Plaintiffs wildly speculate that "the circumstances strongly suggest that Luis Chay was required to sign the May 24, 2017 affidavit either with no understanding of what he was signing, signed under threat of retaliation or termination, or signed as the result of promised of other consideration in exchange for his signature." Reply at p. 4. Because there is no evidence to support their speculation, Plaintiffs are forced to speculate that Mr. Chay "*might* well have been promised continued employment, a wage increase, or other consideration in exchange for signing the document." *Id.* at p. 21 (emphasis added). Plaintiffs' speculation is wrong and defamatory.[2]

Further, Mr. Chay's affidavit executed on July 13, 2017 contains inadmissible conclusory and speculative statements, including:

- "I was required by Bona 1900 to work under two names and two social security numbers so that Bona 1900 could avoid paying me overtime wages."

Mr. Chay fails to provide any foundation establishing he has any knowledge of Bona 1900's payroll policies and practices, the purpose of Bona 1900's payroll policies and practices, or the basis for such knowledge.

---

[2] For clarification, in their Motion for Leave to file this supplement, Defendants inadvertently miscounted the number of contradictory affidavits executed by Luis Chay in this matter. Mr. Chay has only provided three such affidavits, not four.

Likewise, Mr. Chay fails to provide any foundation for his conclusory statement that he was bullied and coerced:

- "I was put in a room by representatives of Bona 1900 was bullied and coerced into signing those documents."

*See* Exhibit A to Plaintiffs' Supplement to Reply, Doc. #54.

Nevertheless, in an abundance of caution, Defendants met with Mr. Chay on June 22, 2017 along with Lanne Manzanares who served as a Spanish interpreter. *See* Affidavits of Lanne Manzanares and Minnie Longoria, attached as Exhibits C and D, respectively. Ms. Manzanares and Ms. Longoria were present during the entire meeting at which Mr. Chay was told, in Spanish, about the statements made in the Plaintiffs' Reply about his May 24, 2017 affidavit. *Id.* Throughout the meeting, Mr. Chay told everyone that he understood what was being discussed and when he didn't understand or had a question, he said so and asked for more information. *Id.* It was repeatedly discussed with Mr. Chay that it was very important that he tell the truth, and that he should sign the affidavit that day only if everything in it was true and correct. *Id.* On June 22, Mr. Chay signed an affidavit after he read the copy drafted in Spanish. *See* Exhibits B, C and D. Defendants have never bullied or coerced anyone, including Luis Chay, Gissela Lopez or her husband Gerardo Lomeli, into signing an affidavit or statement pertaining to over-time issues or anything else. *See* Exhibits C and D. Plaintiffs' speculation about Mr. Chay's affidavits lack merit and should not be considered. Likewise, the self-serving, self-contradicting statements made by Gissela Lopez in her February 28, 2017 affidavit that Jesus Reyna forced her to sign an affidavit in June 2016, lack merit and should not be considered. *See* Doc. #46-1, pp. 21-22 (affidavit of Gissela Lopez).

Plaintiffs, on the other hand, actually attempted to intimidate fact witness, Ivy Lozano. Gissela Lopez contacted Ms. Lozano and asked if they could meet. Ms. Lopez told her she was

suing IHOP and Mr. Nazarian. *See* Affidavit of Ivy Lozano attached as Exhibit E. When asked why she was suing Mr. Nazarian, Ms. Lopez told Ms. Lozano that she "got caught" and that Jesus Reyna would not cover for her. *Id.*

Ms. Lozano agreed to meet Gissela Lopez. Instead of Lopez, Plaintiffs' attorney and a notary public arrived at Ms. Lozano's place of work and asked her to sign a prefabricated affidavit stating that the IHOP restaurants owned by Mr. Nazarin do not pay employees overtime wages. *Id.* Ms. Lozano refused to sign the affidavit because the statements in it were not true. *Id.* In fact, while working at multiple IHOPs owned by Mr. Nazarian, Ms. Lozano witnessed all employees being properly paid, including overtime pay. *Id.* When Ms. Lozano asked if she could have a copy of the affidavit to review, the attorney refused to provide her with a copy and left. *Id.* Ms. Lozano then contacted IHOP to inform the company of Plaintiffs' attempt to procure a false affidavit. It is this desperate attempt by Plaintiffs to get Ms. Lozano to sign an affidavit that the Court should consider, not the third and twice contradicted affidavit of Luis Chay.

WHEREFORE, Defendants respectfully submit this Supplement to Opposition to Plaintiffs' Motion to Conditionally Certify an FLSA Collective Action and Send Notice, and ask that the Court deny Plaintiffs' pending motion for conditional certification.

Dated:  September 13, 2017

          Respectfully Submitted,

          **HUGHES ROCH LLP**

          BY: /S/ CAROLYN D. ROCH
          Carolyn D. Roch
          Attorney-In-Charge
          Texas Bar No. 00791152
          1200 Smith Street, Suite 1550
          Houston, Texas 77002
          cdroch@hughesroch.com
          Telephone:  (713) 588-0890
          Facsimile:  (713) 456-2205

          **ATTORNEY IN CHARGE**
          **FOR DEFENDANTS BONA 1372, INC.,**
          **BONA 1900, INC. AND**
          **HENRECK NAZARIAN**
          **INDIVIDUALLY**

## **CERTIFICATE OF SERVICE**

I certify that on September 13, 2017, a copy of Defendants' Supplement to Opposition to Plaintiffs' Motion to Certify and FLSA Collective Action and Send Notice was electronically filed on the CM/ECF system, which will automatically service a Notice of Electronic Filing on the following attorney in charge for Plaintiffs Jessica Reyes, Gissela Lopez and Oscar Atonal, On Behalf of Themselves and Similarly Situated Employees:

T. Lynn Walden
David D. Reynard, Jr.
WaldenReynard, PLLC
P.O. Box 7486
Beaumont, Texas 77726
Tele: 409.833.0202
Fax:  409.832.3564
twalden@wrtexaslaw.com
dreynard@wrtexaslaw.com

          /S/ *CAROLYN D. ROCH*
          Carolyn D. Roch