| | | |
|---|---|---|
| **UNITED STATES DISTRICT COURT** | | **EASTERN DISTRICT OF TEXAS** |

| | | |
|---|---|---|
| JESSICA REYES, et al. | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 1:17-CV-16 |
| BONA 1372, INC., et al. | § § | |
| Defendants. | § § | |

**ORDER OVERRULING OBJECTION AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management. (Doc. No. 29). The court has received and considered the report (Doc. No. 64) of the magistrate judge that recommended granting the Plaintiffs' "Motion to Conditionally Certify an FLSA Collective Action and Send Notice to the Class" (Doc. No. 30) in part. The Defendants timely filed an objection (Doc. No. 66) to the report and recommendation.

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c) (Supp. IV 2011); FED. R. CIV. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). The Defendants' object out of "an abundance of caution" to only one aspect of Judge Hawthorn's

report: "Defendants object to the Magistrate's [sic] conclusion that, 'there is no longer any apparent dispute about the limitations period.'" (Doc. No. 66, at 1).

The court notes the Defendants have not conceded a willful violation of the FLSA occurred. The existence of a willful violation would extend the two-year statute of limitations to three years. *See* 29 U.S.C. § 255(a). Instead, the magistrate judge's statement that "there is no longer any apparent dispute about the limitations period" referenced the parties' agreement concerning the appropriate date to be listed in the notice to the class of three years prior to the date the collective action is certified by the court. The text of the proposed notice recommended by Judge Hawthorn conforms to the parties' agreement. (Doc. No. 64, at 1; *see also* Doc. No. 65, at 1). In this light, the Defendants' objection is overruled, but their argument that any alleged violation of FLSA was not willful still proceeds as an issue of fact.

It is **ORDERED** that the Defendants' objection (Doc. No. 66) is **OVERRULED**. The magistrate judge's report and recommendation (Doc. No. 64) is **ADOPTED**, and a conditional FLSA class is certified as of the date this order is signed. It is **ORDERED** that the Defendants shall provide the Plaintiffs, under oath, with the full names of employees, last known mailing addresses, telephone numbers, email addresses, and dates of employment within fourteen (14) days. It is further **ORDERED** that the Plaintiffs must attempt to mail the notice (Doc. No. 65) and consent forms to all potential class members within fourteen (14) days of the receipt of names and addresses of putative class members from the Defendants.

SIGNED at Beaumont, Texas, this 3rd day of November, 2017.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE