UNITED STATES DISTRICT COURT          EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JESSICA REYES, et al., | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 1:17-CV-16 |
| BONA 1372, INC., et al., | § § | |
| Defendants. | § § § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING
### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management. Doc. No. 29. Pending before the court is the Plaintiffs' "Sixth Motion to Dismiss Defendants' Counterclaims Pursuant to Rule 12(b)(1) for Lack of Subject Matter Jurisdiction and Motion to Strike Affirmative Defenses." Doc. No. 158. The court has received and considered the report (Doc. No. 179) of the magistrate judge, who recommends that the Defendants' affirmative defense of laches should be stricken, but the motion should be denied in all other aspects. *Id*. at 20. The Plaintiffs filed timely objections (Doc. No. 185) to the report and recommendation.

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(C) (Supp. IV 2011); FED. R. CIV. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district

court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

The Plaintiffs have not objected to the magistrate judge's recommendations concerning the Defendants' affirmative defenses, but they have objected to the magistrate judge's recommendations concerning the Defendants' counterclaims. The objections include nineteen paragraphs of substantive argument, though each paragraph does not appear to be an independent objection. Instead, the Plaintiffs' objections rehash essentially the same legal arguments rejected by the magistrate judge.

Contrary to the Plaintiffs' arguments, the Defendants' counterclaims are compulsory, and this categorization distinguishes the instant case from the Fifth Circuit precedent cited by the Plaintiffs. Doc. No. 185, ¶¶ 4–6. As the magistrate judge correctly concluded (Doc. No. 179, at 6–11), the counterclaims satisfy all four inquiries under *Tank Insulation* to be considered compulsory counterclaims. *See Tank Insulation Int'l, Inc. v. Insultherm, Inc.*, 104 F.3d 83, 85–86 (5th Cir. 1997). The Plaintiffs' objection that the magistrate judge misapplied the factors of *Tank Insulation* (Doc. No. 185, ¶¶ 10–14) is without merit.

The Plaintiffs also argue that the damages alleged by the Defendants for their counterclaims improperly inject extraneous issues into the proceedings, and this should merit categorical dismissal of counterclaims. Doc. No. 185, ¶¶ 2—19. As the magistrate judge noted, "a motion to dismiss *counterclaims* is not the appropriate vehicle to challenge the proper categories of damages." Doc. No. 179, at 13 (emphasis in original). The Defendants' counterclaims do not fail categorically simply because some of the damages they allege may attempt to inject extraneous issues into the proceedings. Even if some of the damages alleged are

extraneous in the instant case, the Plaintiffs have not cited any legal authority requiring the dismissal of the counterclaims on that basis.   As the magistrate judge advised, "[t]he Plaintiffs' arguments concerning damages may be better served by a subsequent dispositive motion with full and focused briefing on the damages issue." *Id.*

It is **ORDERED** that the Plaintiffs' objections (Doc. No. 185) are **OVERRULED,** the magistrate judge's report and recommendation (Doc. No. 179) is **ADOPTED**, and the Plaintiffs' "Sixth Motion to Dismiss Defendants' Counterclaims Pursuant to Rule 12(b)(1) for Lack of Subject Matter Jurisdiction and Motion to Strike Affirmative Defenses" (Doc. No. 158) is **GRANTED in part** and **DENIED in part**.   The Defendants' affirmative defense of laches is stricken, but the motion is denied in all other aspects.

SIGNED at Beaumont, Texas, this 17th day of April, 2018.


_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE