| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| JESSICA REYES, GISSELA LOPEZ, ON BEHALF OF THEMSELVES AND SIMILARLY SITUATED EMPLOYEES<br>　　　Plaintiffs,<br><br>*versus*<br><br>BONA 1372, INC., ET AL.,<br>　　　Defendants. | §<br>§<br>§ CASE NO. 1:17-CV-00016-MAC<br>§<br>§<br>§<br>§<br>§ |

## ORDER GRANTING JOINT MOTION FOR APPROVAL
## OF SETTLEMENT AGREEMENT

This case was brought under 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA") by Plaintiffs Jessica Reyes ("Reyes") and Gissela Lopez ("Lopez"), individually and on behalf of all other similarly situated current or former employees against Defendants Bona 1732, Inc. ("Bona 1732"), Bona 1900, Inc., Hnreck Nazarian individually, Nazarian Global Enterprises LLC f/k/a Nazarian Global Enterprises Inc., Bona 1451, Inc., Porter 1945 Inc., Bona, Inc., Nazarian Inc., and Nazarian 1473, Inc. (collectively "Defendants").

On January 17, 2017, Lopez and Reyes filed this suit. Doc. No. 1. Reyes alleges that the Defendants denied her overtime wages by requiring her to work under another name when she worked over forty hours in a work week. *Id;* Doc. No. 209. Lopez claims the Defendants paid her as a salaried manager despite her job duties and responsibilities qualifying her as a non-exempt employee under the FLSA. *Id.* Defendants deny these allegations. *Id.* Thereafter, Plaintiff Oscar Atonal was added to the lawsuit through an amended complaint. He alleged that he was required to work under his own name and three additional names, as well as off-the-clock, as part of what

Plaintiffs' allege was a plan by Defendants to avoid paying employees overtime wages. Doc. No. 222. Defendants also deny these allegations.

On May 4, 2017, Plaintiffs filed their motion to certify this lawsuit as a collective action. Doc. No. 30. The suit was conditionally certified on November 6, 2017. Doc. No. 69. Following conditional certification, additional employees opted into the case. Defendants raised several defenses of fraud, limitations, civil conspiracy, and other tortious conduct and asserted counterclaims against the named Plaintiffs. Doc. No. 205.

On June 7, 2018, the parties participated in a mediation with Mediator Kip Glasscock, resulting in an agreed settlement the following week. Doc. No. 216. Consequently, the parties filed their "Agreed Joint Motion to Approve Settlement" on October 22, 2018. Doc. No. 222. On November 12, 2018, United States Magistrate Judge Zack Hawthorn conducted a fairness hearing and recommended approving the proposed settlement.

The court, having considered the "Agreed Joint Motion to Approve Settlement" (Doc. No. 222), the applicable law, and Judge Hawthorn's recommendation **FINDS** that this case presents a bona fide dispute under the FLSA, and that the settlement is fair and reasonable as to all parties and reflects an arm's length negotiation and compromise of the disputed claims. Additionally, the court **FINDS** that the attorneys' fees and costs paid to class counsel under 29 U.S.C. § 216(b) and the terms of the settlement as expressed in the motion are reasonable. Further, the court **APPROVES** the proposal that any unclaimed funds by a Plaintiff or Opt-In Plaintiff after twenty-two (22) days of the mailing this Order be donated by Plaintiffs' counsel to the Jefferson County Bar Association Foundation.

It is therefore, **ORDERED** that the parties' "Agreed Joint Motion to Approve Settlement" (Doc. No. 222) is **GRANTED** and the parties' settlement agreement is **APPROVED**. The class

representatives are **AUTHORIZED** to execute the Final Release and Settlement Agreement on their own behalf and on behalf of the Opt-In Plaintiffs, therefore binding all the Opt-In Plaintiffs.

Except as otherwise provided for in the settlement agreement, each party shall take nothing on the claims asserted and shall bear its own costs and fees.  The court retains jurisdiction to enforce the agreement.

SIGNED at Beaumont, Texas, this 16th day of November, 2018.

                                               *Marcia A. Crone*
                                               MARCIA A. CRONE
                                       UNITED STATES DISTRICT JUDGE